Nathan Brown
Brown Patent Law
15100 N. 78th Way – Suite 203
Scottsdale, Arizona 85260
State Bar No. 033482
nathan.brown@brownpatentlaw.com
Telephone: (602) 529-3474

Together with:
Howard L. Wernow (*Pro hac vice forthcoming)*
Sand, Sebolt & Wernow Co., LPA
Aegis Tower – Suite 1100
4940 Munson Street NW
Canton, Ohio 44718
howard.wernow@sswip.com
Telephone: (330) 244-1174

Attorneys for Plaintiff Tekvoke LLC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **Tekvoke LLC, a Texas limited liability company,**<br><br>Plaintiff,<br><br>v.<br><br>**Nextiva, Inc., an Arizona corporation,**<br><br>Defendant. | Civil Action No.:<br><br>**TRIAL BY JURY DEMANDED**<br><br>COMPLAINT FOR INFRINGEMENT OF PATENT |

Now comes Plaintiff, Tekvoke, LLC ("Plaintiff"), by and through undersigned counsel, and respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin Defendant Nextiva, Inc. (hereinafter "Defendant"), from infringing and profiting, in an illegal and unauthorized manner, and without authorization and/or consent from Plaintiff from U.S. Patent No. 6, 687,343 ("the '343 Patent" or the "Patent-in-Suit"), which is attached hereto as Exhibit A and incorporated herein by reference, and pursuant to 35 U.S.C. §271, and to recover damages, attorney's fees, and costs.

## THE PARTIES

2. Plaintiff is a Texas limited liability company with its principal place of business at 15922 Eldorado Parkway – Suite 500-1703, Frisco, Texas 75035.

3. Upon information and belief, Defendant is a corporation organized under the laws of Arizona, having a principal place of business at 880 East Chaparral Road, Suite 300, Scottsdale, Arizona 85250. Upon information and belief, Defendant may be served with process c/o the Corporation Service Company, 8825 North 23rd Avenue, Suite 100, Phoenix, Arizona 85021.

4. Plaintiff is further informed and believes, and on that basis alleges, that Defendant operates the website www.nextiva.com, which is in the business of providing internet-based communication devices. Defendant derives a portion of its revenue from sales and distribution via electronic transactions conducted on and using at least, but not limited to, its Internet website, and its incorporated and/or related systems (collectively, "Defendant's Website"). Plaintiff is informed and believes, and on that basis alleges, that,

at all times relevant hereto, Defendant has done and continues to do business in this judicial district, including, but not limited to, providing products/services to customers located in this judicial district by way of Defendant's Website.

## JURISDICTION AND VENUE

5. This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§1 *et seq*.

6. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction and its residence in this District, as well as because of the injury to Plaintiff, and the cause of action Plaintiff has risen in this District, as alleged herein.

8. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in this judicial District; and (iii) being physically located in this District.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b) because Defendant resides in this District under the Supreme Court's opinion in *TC Heartland v. Kraft Foods Group Brands LLC,* 137 S. Ct. 1514 (2017) through its physical presence, and regular and established place of business in this District.

## FACTUAL ALLEGATIONS

10. On February 3, 2004, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '343 Patent, entitled "INTERNET COMMUNICATION CONTROL APPARATUS AND COMMUNICATION TERMINAL CALLING METHOD" after a full and fair examination. The '343 Patent is attached hereto as Exhibit A and incorporated herein as if fully rewritten.

11. Plaintiff is presently the owner of the '343 Patent, having received all right, title and interest in and to the '343 Patent from the previous assignee of record. Plaintiff possesses all rights of recovery under the '343 Patent, including the exclusive right to recover for past infringement.

12. To the extent required, Plaintiff has complied with all marking requirements under 35 U.S.C. § 287.g

13. An exemplary advantage of the '343 Patent over the prior art is to "provide an Internet communication control apparatus and communication terminal calling method that can easily perform individual calling process, without complicating or upsizing the apparatus, when connected telephones and facsimile apparatuses having incoming calls from multiple parties about the same time with an overlapping of time." Ex. A at 2:13-18.

14. The '343 Patent contains five claims, namely two independent claims and three dependent claims.

15. Claim 1 of the '343 Patent states:

> 1. An Internet communication control apparatus selectively connected to a plurality of communication terminals and to a

> computer network, said Internet communication control apparatus comprising:
>
> a controller configured to transmit calling signals to said plurality of communication terminals, wherein a single calling signal having a first predetermined time period is transmitted to one communication terminal of said plurality of communication terminals when a single calling request is detected from the computer network, and wherein plural calling signals having a second predetermined time period are sequentially transmitted to plural communication terminals of said plurality of communication terminals when plural calling requests are detected from the computer network, said plural calling signals being transmitted one after another to the plural communication terminals. See Ex. A.

16. Defendant commercializes, inter alia, an apparatus having all the elements and components recited in at least one claim of the '343 Patent. More particularly, Defendant makes, uses, sells, offers for sale, or imports a system and/or device that encompasses that which is covered by Claim 1 of the '343 Patent.

## DEFENDANT'S PRODUCT(S)

17. Defendant offers the "Nextiva Business Communication Enterprise Nextiva Voice" (the "Accused Instrumentality"), an Internet communication control apparatus selectively connected to a plurality of communication terminals and to a computer network. A non-limiting and exemplary claim chart comparing the Accused Instrumentality to Claim 1 of the '343 Patent is attached hereto as Exhibit B and is incorporated herein as if fully rewritten.

18. As recited in Claim 1, the Accused Instrumentality is an Internet communication control apparatus (e.g., cloud-hosted PBX) selectively connected to a

plurality of communication terminals (e.g., desk phones and mobile app installed smart devices) and to a computer network, said internet control apparatus. *See* Ex. B.

19. As recited in Claim 1, the Accused Instrumentality utilizes a controller (e.g., cloud-hosted PBX) configured to transmit calling signals to said plurality of communication terminals (e.g., desk phones and mobile app installed smart devices), wherein a single calling signal having a first predetermined time period (e.g., User Defined Connect Timeout) is transmitted to one communication terminal (e.g., user defined single agent) of said plurality of communication terminals (e.g., desk phones and mobile app installed smart devices) when a single calling request (e.g., User Call initiation) is detected from the computer network (e.g., Nextiva's cloud VoIP), and wherein plural calling signals having a second predetermined time period (e.g., User Defined Connect Timeout) are sequentially transmitted (e.g., sequential call forwarding) to plural communication terminals (e.g., multiple agents in the queue) of said plurality of communication terminals (e.g., desk phones and mobile app installed smart devices) when plural calling requests are detected from the computer network, said plural calling signals being transmitted one after another (e.g., sequential call forwarding) to the plural communication terminals (e.g., multiple agents in the queue which can be desk phones and mobile app installed smart devices). *See* Ex. B.

20. As recited in Claim 1, the Accused Instrumentality utilizes a controller (e.g., cloud-hosted PBX) which is provided with an advance call forwarding features wherein Nextiva hosted VoIP allows users to customize the number of calling agents (i.e. singular or plural calling terminals) as well as predetermined time period for calling signals (i.e.

user controlled Connect timeout which indicates how long should an agent's phone rings before choosing a new agent to receive the call). In case of multiple agents receiving call agents in the queue (i.e. plural calling signals to plurality of communication terminals) there exist a provision for sequential transmission of call to plurality of communication terminal (i.e. sequential call forwarding – selective, circular strategy.) *See* Ex. B.

**INFRINGEMENT OF THE PATENT-IN-SUIT**

21. Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs.

22. In violation of 35 U.S.C. §271, Defendant is now, and has been directly infringing the '343 Patent.

23. Defendant has had knowledge of infringement of the '343 Patent at least as of the service of the present Complaint.

24. Defendant has directly infringed and continues to directly infringe at least one claim of the '343 Patent by using, at least through internal testing or otherwise, the Accused Instrumentality without authority in the United States, and will continue to do so unless enjoined by this Court. As a direct and proximate result of Defendant's direct infringement of the '343 Patent, Plaintiff has been and continues to be damaged.

25. By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the '343 Patent, pursuant to 35 U.S.C. §271.

26. Defendant has committed these acts of infringement without license or authorization.

27. As a result of Defendant's infringement of the '343 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

28. Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

29. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim chart depicted in Exhibit B is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## DEMAND FOR JURY TRIAL

30. Plaintiff demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. That Defendant be adjudged to have directly infringed the '343 Patent either literally or under the doctrine of equivalents;

b. An accounting of all infringing sales and damages including, but not limited to, those sales and damages not presented at trial;

c. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the '343 Patent;

d. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Plaintiff for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

e. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

f. That Defendant be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

g. That Plaintiff be granted such other and further relief as this Court may deem just and proper.

DATED this 23rd day of December, 2020.

s/Nathan Brown

Nathan Brown
Attorney for Plaintiff Tekvoke LLC